KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
steven.desalvo@usdoj.gov
United States Office Building
880 Front Street, Room 6293
San Diego, California  92101
Telephone:  (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0299-W |
|---|---|---|
| Plaintiff, | ) | DATE: June 2, 2008 |
| | ) | TIME: 9 a.m. |
| v. | ) | |
| NICOLE MARIE BANNER (1) | ) | |
| PEDRO AVALOS (2), | ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S |
| Defendants. | ) | MOTIONS TO: DISMISS INDICTMENT ) FOR GRAND JURY VIOLATION, AND COMPEL DISCOVERY/PRESERVE EVIDENCE AND LEAVE TO FILE FURTHER MOTIONS |
| | ) | |
| | ) | TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its response and opposition to motions filed by defendants NICOLE MARIE BANNER and PEDRO AVALOS.  Said response is based upon this response and opposition, the files and records of the case, and argument.

**I.**

**A.    DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE GRAND JURY INSTRUCTIONS WERE PROPER**

Defendants makes contentions relating to two separate instructions given to the grand jury during its impanelment by District Judge Larry A. Burns on January 11, 2007.  Although recognizing that the Ninth Circuit in <u>United States v. Navarro-Vargas</u>, 408 F.3d 1184 (9th Cir. 2005) (en banc) generally found the  two grand jury instructions constitutional, Defendant here contends Judge Burns went beyond the text of the approved instructions, and by so doing rendered them improper to the point that the indictment should be dismissed.  Defendant's argument is wholly without merit.

1.    Judge Burns Properly Instructed the Grand Jurors That They Should Not Concern Themselves With "The Wisdom of the Criminal Laws" and Properly Instructed Them That They "Should" Return An Indictment if Probable Causes Existed

In his instructions to the grand jurors, Judge Burns told the jurors that they could not judge the wisdom of the criminal laws, stating:

You understood from the questions and answers that a couple of people were excused, I think three in this case, because they could not adhere to the principle that I'm about to tell you.

But it's not for you to judge the wisdom of the criminal laws enacted by congress; that is, whether or not there should be a federal law or should not be a federal law designating certain activity is criminal is not up to you. That's a judgment that congress makes.

And if you disagree with the judgment made by congress, then your option is not to say "Well I'm going to vote against indicting even though I think that the evidence is sufficient" or "I'm going to vote in favor of even though the evidence may be insufficient."  Instead, your obligation is to  contact your congressman or advocate for a change in the laws, but not to bring your personal definition of what the law ought to be and try to impose that through applying it in a grand jury setting.

Partial Transcript at 8-9.

Judge Burns' instruction was proper.  In <u>Navarro-VargasII</u>, the Ninth Circuit upheld grand jury instructions forbidding grand jurors from judging the wisdom of the criminal laws. The Ninth Circuit stated:  "If a grand jury can sit in judgment of wisdom of the policy behind a law, then the power to return a no bill in such cases is the clearest form of 'jury nullification.' Furthermore, the grand jury has few tools for informing itself of the policy or legal justification

1    for the law;  it receives no briefs or arguments from the parties.   The grand jury has little but its

2    own visceral reaction on which to judge the 'wisdom of the law.'"   408 F.3d at 1203.

3         Contrary to Defendant's claim, Judge Burns' instruction did not pressure the grand jurors

4    to give up their discretion not to return an indictment.   Judge Burns' words cannot be parsed to

5    say that they flatly bars the grand jury from declining to indict because the grand jurors disagree

6    with a proposed prosecution.   That aspect of a grand jury's discretionary power (i.e.

7    disagreement with the prosecution) was dealt with in Navarro-Vargas in its discussion of

8    another instruction not at issue here.  408 F.3d at 1204-06 ("'Should' Indict if Probable Cause Is

9    Found").   This other instruction bestows discretion on the grand jury not to indict.   In finding

10   this instruction constitutional, the court stated in words that ring true here, "It is the grand jury's

11   position in the constitutional scheme that gives it its independence, not any instructions that a

12   court might offer." 408 F.3d at 1206.  While the new grand jurors were told by Judge Burns

13   that they could not question the wisdom of the criminal laws per Navarro-Vargas, they were

14   also told by Judge Burns they had the discretion not to return an indictment per Navarro-

15   Vargas.  See  Merced v. McGrath, 426 F.3d 1076, 1079-80 (9th Cir. 2005).  Thus, there was no

16   error requiring dismissal of this indictment or any other indictment by this Court exercising its

17   supervisory powers.

18        Finally, should be "reluctant to invoke the judicial supervisory power as a basis for

19   prescribing modes of grand jury procedure." United States v. Williams, 504 U.S. 36, 50 (1992).

20   Moreover, a court should not exercise this power absent a showing that the defendant is

21   "actually prejudiced by the misconduct."  United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir.

22   1992).  Even if there was error, Defendant has proffered no facts supporting a claim of actual

23   prejudice in this case.  Accordingly, his argument should be dismissed on that basis alone.

24   "Absent such prejudice – that is, absent  'grave' doubt that the decision to indict was free from

25   the substantial influence of [the misconduct]' – a dismissal is not warranted."  Id.

26   //

27   //

28

2.    Judge Burns' Statement That Prosecutors Are "Duty-Bound" to Present
      Exculpatory Evidence Did Not Improperly Infer That No Exculpatory Evidence
      Exists Where the Prosecutor Presents No Exculpatory Evidence

Defendant also argues that because Judge Burns instructed the grand jurors that Assistant

U.S. Attorneys were "duty-bound" to present exculpatory evidence, see Partial Transcript at 20,

he gave the impression that no exculpatory evidence exists when the prosecutor does not

present such evidence.  This argument is without merit and is inconsistent with the holding in

United States v. Williams, 504 U.S. 36, 50 (1992), which held that federal courts do not have

supervisory authority to require prosecutors to disclose exculpatory evidence.

The fact that Judge Burns' statement contradicts Williams, but is in line with self-imposed

guidelines for United States Attorneys, does not create the constitutional crisis proposed by

Defendant, for two reasons.   First, no improper inference was created when Judge Burns

reiterated what he knew to be a self-imposed duty on federal prosecutors.  Simply stated, in the

vast majority of the cases the reason the prosecutor does not present "substantial" exculpatory

evidence, is because no "substantial" exculpatory evidence exists.  If it does exist, the evidence,

as mandated by U.S. Attorney policy, should be presented to the grand jury by the Assistant

U.S. Attorney upon pain of possibly having his or her career destroyed by an Office of

Professional Responsibility investigation.  Even if there is some nefarious slant to the grand

jury proceedings when the prosecutor does not present any "substantial" exculpatory evidence,

because there is none, the negative inference created thereby in the minds of the grand jurors is

legitimate.  In cases such as Defendant's, the Government has no "substantial" exculpatory

evidence generated from its investigation or from submissions tendered by the defendant.

There is nothing wrong  in this scenario with a grand juror inferring from this state-of-affairs

that there is no "substantial" exculpatory evidence.

Second, just as the instruction language regarding the United States Attorney attacked in

Navarro-Vargas was found to be "unnecessary language [which] does not violate the

Constitution," 408 F.3d at 1207, so too the "duty-bound" statement was unnecessary when

charging the grand jury concerning its relationship with the United States Attorney and her

Assistant U.S. Attorneys, and does not violate the Constitution.  In United States v. Isgro, 974

1    F.2d 1091 (9th Cir.  1992) the Ninth Circuit while reviewing <u>Williams</u> established that there is

2    nothing in the Constitution which requires a prosecutor to give the person under investigation

3    the right to present anything  to the grand jury (including his or her testimony or other

4    exculpatory evidence), and the absence of that information does not require dismissal of the

5    indictment.  974 F.2d at 1096 ("<u>Williams</u> clearly rejects the idea that there exists a right to such

6    'fair' or 'objective' grand jury deliberations.").   Thus, while the "duty-bound" statement was an

7    interesting tidbit of information, it was  unnecessary in terms of advising the grand jurors of

8    their rights and responsibilities in their deliberations, and does not cast an unconstitutional pall

9    upon the instructions which requires dismissal of the indictment in this case.  Judge Burns

10   repeatedly "remind[ed] the grand jury that it stands between the government and the accused

11   and is independent,"  which was required by <u>Navarro-Vargas</u>.  408 F.3d at 1207.  In this context

12   the unnecessary "duty-bound" statement does not mean that "'structural protections of the grand

13   jury have been so compromised as to render the proceedings fundamentally unfair, allowing the

14   presumption of prejudice' to the defendant," and "[the] defendant can[not] show a history of

15   prosecutorial misconduct that is so systematic and pervasive that it affects the fundamental

16   fairness of the proceeding or if the independence of the grand jury is substantially infringed."

17   <u>Isgro</u>, 974 F.2d at 1094 (Citation omitted).  Therefore, this indictment need not be dismissed.

18   **B.    <u>STANDARD DISCOVERY REQUEST AND REQUEST TO PRESERVE</u>**

19      The United States has provided all written discovery to Defendants.  The United States also

20   has   provided   all   video   recorded   statements   by   Defendants   and   material   witnesses.

21      As  to  the  specific  discovery  and  evidentiary  requests  of  Defendants,  the  Government

22   responds as follows:

23              1.    The Government Will Disclose Information Subject To Disclosure
                       Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal
24                     <u>Procedure</u>

25      The government will disclose defendants' statements subject to discovery under Fed. R.

26   Crim. P. 16(a)(1)(A) (substance of defendant's oral statements *in response to government*

27   *interrogation*) and 16(a)(1)(B) (defendant's relevant written or recorded statements, written records

28

1   containing substance of defendant's oral statements *in response to government interrogation*, and

2   defendant's grand jury testimony).

3                          2.        The Government Will Comply With Rule 16(a)(1)(D)

4        The Defendants have been provided with his or her own "rap" sheet and the government will

5   produce any additional information it uncovers regarding defendants' criminal record.  Any

6   subsequent or prior similar acts of Defendants that the government intends to introduce under Rule

7   404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports,

8   at the reasonable time in advance of trial.

9                          3.        The Government Will Comply With Rule 16(a)(1)(E)

10       The government will permit Defendants to inspect and copy or photograph all books, papers,

11  documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are

12  material to the preparation of defendants' defense or are intended for use by the government as

13  evidence-in-chief at trial or were obtained from or belong to Defendants.

14       Reasonable efforts will be made to preserve relevant physical evidence which is in the

15  custody and control of the investigating agency and the prosecution, with the following exceptions:

16  drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days,

17  and vehicles are routinely and periodically sold at auction.  Records of radio transmissions, if they

18  existed, are frequently kept for only a short period of time and may no longer be available.  Counsel

19  should contact the Assistant assigned to the case two weeks before the scheduled trial date and the

20  Assistant will make arrangements with the case agent for counsel to view all evidence within the

21  government's possession..

22                         4.        The Government Will Comply With Rule 16(a)(1)(F)

23       The government will permit Defendants to inspect and copy or photograph any results or

24  reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof,

25  that are within the possession of the government, and by the exercise of due diligence may become

26  known to the attorney for the government and are material to the preparation of the defense or are

27  intended for use by the government as evidence-in-chief at the trial. Counsel for Defendants should

28  contact the Assistant United States Attorney assigned to the case and the Assistant will make

arrangements with the case agent for counsel to view all evidence within the government's possession.

5.    The Government Will Comply With Its Obligations Under <u>Brady v. Maryland</u>

The government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendants, however, are not entitled to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains to the credibility of the government's case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). <u>See also</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976) (<u>Brady</u> does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

6.    Discovery Regarding Government Witnesses

a.    <u>Agreements</u>.    The Government will disclose the terms of any agreements by Government agents, employees or attorneys with witnesses that testify at trial. Such information will be provided at the time of the filing of the Government's trial memorandum.[1]   The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

---

[1]    As with all other offers by the Government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the Government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the Government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1      b.      Bias or Prejudice.  The Government will provide information related to the bias,

2    prejudice or other motivation to lie of Government trial witnesses as required in Napue v. Illinois,

3    360 U.S. 264 (1959).

4      c.      Criminal Convictions.  The Government has produced or will produce any criminal

5    convictions of Government witnesses plus any material criminal acts which did not result in

6    conviction.  The Government is not aware that any prospective witness is under criminal

7    investigation.

8      d.      Ability to Perceive.  The government will produce in discovery any evidence that the

9    ability of a government trial witness to perceive, communicate or tell the truth is impaired or that

10   such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

11     e.      Witness List.  The Government will endeavor to provide the Defendants with a list

12   of all witnesses which it intends to call in its case-in-chief at the time the Government's trial

13   memorandum is filed, although delivery of such a list is not required.  See United States v.

14   Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986);

15   United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).  Defendants, however, are not entitled

16   to the production of addresses or phone numbers of possible Government witnesses.  See United

17   States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974).  The

18   defendants have already received access to the names of potential witnesses in this case in the

19   investigative reports previously provided to him.

20     f.      Witnesses Not to Be Called.  The Government is not required to disclose all evidence

21   it has or to make an accounting to the Defendants of the investigative work it has performed.

22   Moore v. Illinois, 408 U.S. 786, 795 (1972); see  United States v. Gardner, 611 F.2d 770, 774-775

23   (9th Cir. 1980).  Accordingly, the Government objects to defendants' request for discovery

24   concerning any individuals whom the Government does not intend to call as witnesses.

25     g.      Favorable Statements.  The Government has disclosed or will disclose the names of

26   witnesses, if any, who have made favorable statements concerning the Defendants which meet the

27   requirements of Brady.

28

1    h.    <u>Review of Personnel Files</u>.  The Government has requested a review of the personnel

2    files of all federal law enforcement individuals who will be called as witnesses in this case for

3    <u>Brady</u> material.    The Government has requested that counsel for the appropriate federal law

4    enforcement agency conduct such review.    <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996);

5    <u>see</u>, <u>also</u>, <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992); <u>United States v.</u>

6    <u>Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

7    Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v.</u>

8    <u>Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable

9    to the defense that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727

10    F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of

11    the information within its possession in such personnel files, the information will be submitted to

12    the Court for <u>in camera</u> inspection and review.

13    i.    <u>Government Witness Statements</u>.  Production of witness statements is governed by

14    the Jencks Act (Title 18, United States Code, Section 3500) and need occur only after the witness

15    testifies on direct examination. <u>United States v. Taylor</u> , 802 F.2d 1108, 1118 (9th Cir. 1986);

16    <u>United States v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be

17    exculpatory and therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness

18    statement subject to the Jencks Act, need not be revealed until such time as the witness statement

19    is disclosed under the Act.  <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556-57 (9th Cir. 1979).

20    The government reserves the right to withhold the statements of any particular witnesses it

21    deems necessary until after the witness testifies.  Otherwise, the government will disclose the

22    statements of witnesses at the time of the filing of the government's trial memorandum before trial,

23    provided that defense counsel has complied with defendants' obligations under Federal Rules of

24    Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all

25    "reverse Jencks" statements at that time.

26    7.    The Government Objects To The Full Production Of Agents'
        <u>Handwritten Notes At This Time</u>

27

28

1    Although the government has no objection to the preservation of agents' handwritten notes,

2    it objects to requests for full production for immediate examination and inspection. If certain rough

3    notes become relevant during any evidentiary proceeding, those notes will be made available.

4    Prior production of these notes is not necessary because they are not "statements" within the

5    meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a

6    witness' assertions and they have been approved or adopted by the witness. United States v.

7    Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932,

8    936-938 (9th Cir. 1981).

9                    8.    All Investigatory Notes and Arrest Reports

10    The government objects to the defendants' request for production of all arrest reports,

11    investigator's notes, memos from arresting officers, and prosecution reports pertaining to the

12    Defendants. Such reports, except to the extent that they include Brady material or the statements

13    of Defendants, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . .

14    Government agents in connection with the investigation or prosecution of the case."

15    Although agents' reports have already been produced to the defense, the government is not

16    required to produce such reports, except to the extent they contain Brady or other such material.

17    Furthermore, the government is not required to disclose all evidence it has or to render an

18    accounting to Defendants of the investigative work it has performed. Moore v. Illinois, 408 U.S.

19    786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

20                    9.    Expert Witnesses.

21    Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum,

22    the Government will provide the defense with notice of any expert witnesses the testimony of

23    whom the Government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in

24    its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons

25    therefor, and the witnesses' qualifications. Reciprocally, the Government requests that the defense

26    provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

27                    10.    Information Which May Result in Lower Sentence.

28

1   Defendants claim that the Government must disclose information about any cooperation or
2   any attempted cooperation with the Government as well as any other information affecting
3   defendants' sentencing guidelines because such information is discoverable under Brady v.
4   Maryland. The Government respectfully contends that it has no such disclosure obligations under
5   Brady.
6       The Government is not obliged under Brady to furnish a defendant with information which
7   he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied,
8   479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady is a rule
9   of disclosure. There can be no violation of Brady if the evidence is already known to the defendant.
10      Assuming that Defendants did not already possess the information about factors which might
11  affect their respective guideline ranges, the Government would not be required to provide
12  information bearing on defendants' mitigation of punishment until after defendant's conviction or
13  plea of guilty and prior to his sentencing date. "No [Brady] violation occurs if the evidence is
14  disclosed to the defendant at a time when the disclosure remains of value." United States v.
15  Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

**C.    LEAVE TO FILE ADDITIONAL MOTIONS**

17      The United States does not oppose Defendants' request for leave to file further motions, so
18  long as discovery motions are based on discovery not yet received by Defendants.

**II.**

**CONCLUSION**

21      For the foregoing reasons, the Government respectfully requests that the defendants' motions,
22  except where not opposed, be denied.

23  DATED: June 1, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Steven De Salvo

STEVEN DE SALVO
Assistant U.S. Attorney
steven.desalvo@usdoj.gov

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3

UNITED STATES OF AMERICA,     )             Case No. 08CR0299-W
                                    )

4

              Plaintiff,      )
                                    )

5

       v.                  )
                                    )            CERTIFICATE OF SERVICE)

6

NICOLE MARIE BANNER (1),     )
PEDRO AVALOS (2),           )

7

                                    )
             Defendants.     )

8

9

IT IS HEREBY CERTIFIED THAT:

10

     I, STEVEN DESALVO, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

11

12

     I am not a party to the above-entitled action.  I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

13

14

**Samantha Mann**

15

**Siri Shetty**

16

I declare under penalty of perjury that the foregoing is true and correct.

17

Executed on June 1, 2008

18

                               s/ Steven De Salvo
                               STEVEN DE SALVO

19

20

21

22

23

24

25

26

27

28